IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NOLAN KINARD FLOYD, SR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-22-2090 |
| WARDEN JEFFERY NINES, et al., | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Self-represented Plaintiff, Nolan Kinard Floyd, Sr., who is currently incarcerated at North Branch Correctional Institution ("NBCI"), filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, against Defendants NBCI Inmate Accounts Manager Cheryl Lindner, Warden Jeffery Nines, and Chief of Security Ronald Stotler.[1] ECF No. 1. Defendants filed a motion to dismiss, which is pending. ECF No. 13. Mr. Floyd did not file any response in opposition, but did send a copy of a grievance related to his claim. ECF No. 18. Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Defendants' motion to dismiss will be granted in part and denied in part.

Mr. Floyd alleges that on June 1, 2022, the sum of $1,656.08 was withdrawn from his inmate account at NBCI. ECF No. 1 at 3. Mr. Floyd had contacted the NBCI Finance Department on May 24, 2022, while housed at Baltimore County Detention Center ("BCDC"), regarding these funds, at which time Cheryl Lindner, the Finance Manager, informed him that NBCI could only

---

[1] The Litigation Coordinator at NBCI identified the defendant originally named as "Chief of Security Scottland" to be named Ronald Stotler. ECF No. 6 at 2. Counsel for Defendants also identified the defendant named as "Ms. Sharon" to be Cheryl Lindner. ECF No. 11. The Clerk will be directed to amend the docket to reflect their full and correct names.

release $500 to him at one time and the remaining balance would be mailed to him at BCDC. *Id.* Mr. Floyd alleges that the funds were never mailed to him in violation of his due process rights under the Fifth and Fourteenth Amendments. *Id.*

Defendants move to dismiss the Complaint, asserting that the missing funds have been returned to Mr. Floyd's inmate account. ECF No. 13 at 1. Ms. Lindner attests that in April 2022, Mr. Floyd had $2,156.08 in his NBCI inmate account. ECF No. 13-1 at ¶ 3. Mr. Floyd was transferred from NBCI to BCDC on April 5, 2022. *Id.* at ¶ 4. Ms. Lindner avers that Department of Corrections policy states that if an inmate's account balance exceeds $500, Inmate Accounts may only issue a check up to $500, the remaining balance must be issued by the Comptroller of Maryland/Treasurer's Office. *Id.* On June 1, 2022, Ms. Lindner processed a transaction for the remaining balance to be issued by the Comptroller in the amount of $1,656.08. *Id.* at ¶ 5. However, the check was returned from BCDC to the Comptroller. *Id.*; *see* ECF No. 13-2. When Mr. Floyd returned to NBCI on July 22, 2022, Ms. Lindner submitted a request for a new check to be issued to Mr. Floyd. *Id.* at ¶ 6. The funds were received and posted to Mr. Floyd's account on February 2, 2023. *Id.*

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242, 242 (1937); *see*

2

*also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot.  *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

      Here, because Defendants have demonstrated that Mr. Floyd's money has been returned to his inmate account, to the extent that he seeks injunctive relief or compensatory damages in the amount of $1,656.08, his claim is no longer live and therefore that part of the Complaint is moot.  However, Mr. Floyd also requests damages over and above that amount.  The court liberally construes his Complaint as alleging that the delay in returning the withdrawn money to his inmate account violated his right to due process.  As Defendants' Motion does not substantively respond to Mr. Floyd's allegations, they will be granted leave to do so before the court reaches the merits of his claim.

      By separate Order that follows, the Motion to Dismiss filed by Defendants Lindner, Nines, and Stotler will be granted in part and denied in part.

October 16, 2023                                                                     /s/
                                                                             DEBORAH K. CHASANOW
                                                                             United States District Judge